**FILED**

**March 20, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:24PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KINGSPORT

| | | |
|---|---|---|
| William Gibson, | ) | |
| Employee, | ) | Docket No. 2015-02-0359 |
| | ) | |
| v. | ) | State File No. 57726-2015 |
| | ) | |
| Pleasant Hill Market, | ) | Judge Brian K. Addington |
| Un-insured Employer. | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned Workers' Compensation Judge on March 10, 2017, upon the Request for Expedited Hearing filed by William Gibson for temporary disability and medical benefits. The central legal issue is whether Mr. Gibson suffered an injury as defined by the Workers' Compensation Law. For reasons set for below, the Court holds Mr. Gibson has failed to present sufficient evidence to establish he is likely to prevail at a hearing on the merits that he suffered an injury as defined by the Workers' Compensation Law, and therefore, he is not entitled to the requested benefits.

### History of the Claim

Mr. Gibson worked as a chef for Pleasant Hill Market. On May 25, 2016, Angela Boggs, manager, asked Mr. Gibson to bring buttermilk to work. When he arrived at the restaurant, a co-worker asked Mr. Gibson not to park close to the restaurant, so Mr. Gibson parked further away. As he walked toward the restaurant, he struck the toes of both feet on a raised portion in the parking lot pavement. Mr. Gibson did not fall and did not mention the incident to Ms. Boggs at that time.

Mr. Gibson and Pleasant Hill dispute the timing of Mr. Gibson's notice of a work injury. However, all agree Mr. Gibson reported the injury within thirty days of its occurrence. The day after the Mr. Gibson's alleged injury, Ms. Boggs terminated Mr. Gibson for two unrelated events. Regardless, Mr. Gibson filed a

Petition for Benefit Determination on June 1, 2016. Pleasant Market denied it owed Mr. Gibson any benefits.

Because Pleasant Hill did not have workers' compensation insurance, Rene Gallardo, Compliance Specialist, performed an investigation of both Pleasant Hill and the incident in question. His report, admitted as Exhibit 2, noted the following: 1) Pleasant Hill did not have workers' compensation insurance although it had six employees; 2) the injury occurred after July 1, 2015, while at work; 3) Mr. Gibson was a Tennessee resident on the date of injury; and, 4) Mr. Gibson provided notice to the Bureau within sixty days of the incident. Additionally, Mr. Gallardo noted Mr. Gibson did not seek medical attention on his own.

After Mr. Gallardo's investigation, the Bureau provided Mr. Gibson a medical causation evaluation with Dr. Galen Smith per Tennessee Code Annotated § 50-2-802(d)(1) (2016). Mr. Gibson informed Dr. Smith that, "[he] walked into this bump and said it jolted and hyperextended his knees and 'slammed' his ankles. However he was able to stay upright and did not fall."

Following the examination, which included a review of prior and current x-ray films, Dr. Smith determined to a reasonable degree of medical certainty that the incident in question did not cause significant new injury to either knee or ankle. Dr. Smith also determined that Mr. Gibson's stumbling incident did not aggravate his previous arthritic condition. He further stated that he did not feel this was a compensable injury under workers' compensation.[1] (Ex. 3.)

Mr. Gibson testified he treated with his personal physicians before and after his appointment with Dr. Smith. He further offered he was unable to return to work until January 9, 2017.

Primarily, Mr. Gibson asserted he suffered a soft-tissue injury when he stumbled over the bump in Pleasant Hill's parking lot. He contended this entitled him to continued medical benefits and temporary disability benefits from the date of injury until January 8, 2017.

Pleasant Hill pointed out that Mr. Gibson failed to inform anyone of an injury until after Ms. Boggs terminated him for cause and relied upon Dr. Smith's medical records, which established Mr. Gibson did not suffer a work-injury. It requested the Court deny Mr. Gibson's claim.

---

[1] The parties did not depose Dr. Smith. The Court notes that the issue of whether or not the above injury is a compensable injury is a question of law for the Court to decide, not a medical question.

## Findings of Fact and Conclusions of Law

As in all workers' compensation actions, Mr. Gibson, as the claimant, has the burden of proof on all essential elements of his claim. Tenn. Code Ann. § 50-6-239(c)(6) (2016); *see also Buchanan v. Carlex Glass Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Sept. 29, 2016). He need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2016). Instead, at an expedited hearing, Mr. Gibson must come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits that he suffered a work related injury. *Id.*

Because Mr. Gibson must first prove he suffered an injury by accident at work, the Court examined the offered evidence to support the claim for a work-related injury. Although Mr. Gibson asserted, without contradiction, he stumbled over a raised area in Pleasant Hill's parking lot, he failed to provide sufficient evidence to prove he suffered an injury arising primarily out of and in the course and scope of his employment as a result of his stumble. *See* Tenn. Code Ann. § 50-6-102(14) (2016). Dr. Smith's medical records constitute the only expert medical proof offered. He found that Mr. Gibson's stumbling incident neither caused a significant new injury, nor aggravated a pre-existing new condition.

These findings standing alone and without contradiction leave the Court with no choice but to conclude that Mr. Gibson did not sustain a work injury. Having considered all the evidence presented, it does not appear Mr. Gibson is likely to succeed at a hearing on the merits that he sustained an injury arising primarily out of and in the course and scope of his employment.

For the forgoing reasons, Mr. Gibson's request for medical and temporary benefits is denied at this time.

### IT IS, THEREFORE, ORDERED as follows:

1. Mr. Gibson's request for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on April 25, 2017, at 11:00 a.m. Eastern Time. The parties must call 855-943-5044 toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED** this the 20th day of March, 2017.

/s/ Brian K. Addington

Brian K. Addington
Workers' Compensation Judge

## APPENDIX

**Exhibits**
1. Affidavit of Mr. Gibson
2. Expedited Request for Investigation Report
3. Medical Records-Dr. Galen Smith
4. Wage Records

**Technical Record**
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on March 20, 2017.

| Name | Certified Mail | Via Fax | Via Email | Sent To: |
|---|---|---|---|---|
| William Gibson, Self-Represented Employee | X | | X | 175 Knob Creek Dock Lot #105 Johnson City, TN 37601 chefwilliamgibson@gmail.com |
| Frankie Slaughter, Esq. Employer's Attorney | | | X | flsjrlaw@yahoo.com |

/s/ Penny Shrum

**PENNY SHRUM, COURT CLERK**

**Court of Workers' Compensation Claims**